JOURNAL ENTRY AND OPINION,
Defendant-appellant Beneficial Ohio appeals the trial court's order approving the private sale of property on which Beneficial held the mortgage. Although Beneficial received a copy of the administratrix's complaint for Authority to Sell Decedent's Real Estate to Pay Debts, it did not receive notice of the hearing on the administratrix's Application for Private Sale. It also did not receive a copy of the Report of Final Sale or notice of the hearing on that report. It is because of these omissions that appellant appeals.
Beneficial held a $92,425.11 mortgage on property owned by decedent William C. Parker, Jr. The court accepted an appraisal value of the property of $58,000.00. The original complaint for authority to sell decedent's real estate to pay debts was filed on July 17, 2000. Service of this complaint was completed on Beneficial on July 22, 2000. On September 14, 2000 Beneficial was granted leave to file its answer instanter, which it filed.
Although the docket states that a hearing on the complaint for land sale was scheduled for September 14, 2000, the entry for that date states only, Upon application of defendant, Beneficial Mortgage Co. of Ohio, and with the agreement of plaintiff, Beneficial Mortgage Co. of Ohio shall be and is hereby granted leave to file its answer.
The docket reflects that complaint for sale heard granted was entered on September 26, 2000. On that date the administratrix filed an application for private sale, on which the court held a hearing and granted the application that same day. On September 28, 2000, the administratrix filed a report of the final sale of the property which the court confirmed. On October 26, 2000, appellant Beneficial filed this appeal, claiming it had received neither service of the administratrix's application for order of private sale nor notice of the hearings of the 26th and 28th.
The record does not contain transcripts of any of the hearings and does not indicate which individual parties were present at the hearings.
In the entry authorizing sale of real estate, the court states that Beneficial holds the note on the property and that the court adopts the property appraisal of $58,000.00. The court's Entry Granting Application to Fix Price and Sell at Private Sale and Real Estate Commission indicates that this matter came on to be heard on September 26th, but it does not indicate who was present at the hearing. Because the hearing was held the same day the application was filed, appellant Beneficial obviously would not have received notice by mail of the hearing. Similarly, because the hearing to confirm the sale was held on the same day the report of sale was filed, Beneficial could not object to the sale at the hearing.
Beneficial's assignments of error are interrelated and will be addressed together.
 I. THE PROBATE COURT ERRED BY ACCEPTING APPELLEE'S APPLICATION FOR ORDER OF PRIVATE SALE WHEN SAID APPLICATION WAS NOT SERVED UPON APPELLANT.
 II. THE PROBATE COURT ERRED BY HEARING APPELLEE'S APPLICATION FOR ORDER OF PRIVATE SALE WHEN APPELLANT WAS NOT NOTIFIED OF SAID HEARING.
 III. THE PROBATE COURT ERRED BY CONFIRMING THE SALE DURING A HEARING OF WHICH APPELLANT RECEIVED NO NOTICE.
Beneficial argues that the trial court erred in ruling on the Application for Order of Private Sale, because Beneficial received neither a copy of that application nor a notice of hearing on the application. Beneficial cites no case law to support this argument. The only support appellant provides is Civ.R. 5 and 73. Civ.R. 73(D) states:
 In proceedings requiring service of summons, Civ.R. 5 shall apply to the service and filing of pleadings and papers subsequent to the original pleading.
Civ.R. 5(A) states:
 Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original compliant * * *, every written motion other than one which may be heard ex parte, and every written notice, appearance demand and offer of judgment, and every similar paper shall be served upon each of the parties. * * *
However, as noted by the court in Johnson v. Cousins (June 9, 1987), Franklin App. No. 86AP-595, unreported, 1987 Ohio App. LEXIS 7470, at *9-10,
 even if some of the papers listed by appellant should have been served upon appellant, there is no prejudicial error because appellant had notice of the sale and the motion and hearing to set price, yet appellant never objected to the sale until after the hearing. The record indicates that appellant was properly served with the complaint by certified mail on March 22, 1985 and then filed an answer on April 25, 1985. Therefore, appellant was aware as of March 1985 that appellee had requested authority from the probate court to sell the real estate.
Appellant did not object to the sale in appellant's answer. Similarly, in the case at bar, Beneficial received and answered the complaint without objecting to the sale.
In order to block the sale which the court approved, Beneficial should have either objected to the appraisal price in its answer or posted a bond to prevent the sale pursuant to R.C. 2127.31. A party who is made a defendant in the action may object to the sale of decedent's real property by filing an answer. * * * Alternatively, with or without answering the complaint, any interested party may post a bond to prevent the sale of decedent's real property * * *. Mangan v. Mangan (Oct. 1, 1999), Hamilton App. Nos. C-990094 and 980979, unreported, 1999 Ohio App. LEXIS 4690, at *6. See also R.C. 2127.31 ([a]n order to sell real property of a decedent shall not be granted in an action by an executor or administrator, if, after the action is commenced and before the order of sale is granted, any person interested in the estate gives bond to the executor or administrator * * *.)
Because Beneficial failed to protect its interests by taking affirmative action in response to the complaint, it is now barred from complaining about the result. Further, since the sale amount of $62,000 is $4,000 higher than the appraised amount, appellant cannot complain that the appellee's sale was improper.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Probate Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., CONCURS; MICHAEL J. CORRIGAN, J., CONCURS IN JUDGMENT ONLY.